IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 20, 2011

## STATE OF TENNESSEE v. MIGUEL SALINAS

**Direct Appeal from the Circuit Court for Maury County**
**No. 14573    Jim T. Hamilton, Judge**

---

**No. M2010-01811-CCA-R3-CD - Filed December 28, 2011**

---

The defendant, Miguel Angel Salinas, entered a best-interest plea to one count of possession of marijuana, a Class D felony, and one count of attempted possession of cocaine with intent to sell over 300 grams, a Class B felony. Pursuant to the negotiated agreement, the defendant received an effective sentence of ten years in the Department of Correction. The only issue which remained undetermined by the agreement was whether the defendant's ten-year sentence would be served concurrently with or consecutively to a twenty-five year Georgia sentence which he had received in 2004. After a hearing, the trial court ordered that the separate sentences be served consecutively. On appeal, the defendant contends that this was error. Following review of the record, we affirm the sentences.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., Jr. and D. KELLY THOMAS, JR., JJ., joined.

Robert C. Richardson, Jr., Columbia, Tennessee, for the appellant, Miguel Salinas.

Robert E. Cooper, Jr., Attorney General and Reporter; Nicholas W. Spangler, Assistant Attorney General; and T. Michel Bottoms, District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Procedural History

The acts committed by the defendant establishing his crimes in this case occurred on May 3, 2003. The scant facts stipulated to at the guilty plea acceptance hearing, as recited by defense counsel, are as follows:

This is the situation: Back in May of '03, that there was a search warrant executed by Maura County Sheriff's Department at the American Mobile Village. During the execution of that warrant, there was a substantial amount of drugs found that, unfortunately for my client, he'd given admission that they were his.

A more detailed version was recited at the sentencing hearing by the State:

This case began way back in May of 2003. At that time, Bill Doley, [and] other agents with the Maury County Drug Task Force, executed a search warrant at a location here in Maury County, more specifically, a trailer in American Mobile Village, Number 30. Upon searching the residence there were six Hispanic males there, including [the defendant,] the officers found $12,000 in cash, under a mattress, that was all in one-hundred dollar bills and wrapped in rel cellophane. They found a small amount of cocaine in the toe of a pair of boots, in the closet. They also found a large bag of white powder and a set of digital scales. They found a large amount of marijuana. They also found four hand guns, two long guns.

At the time of the search warrant, [the defendant] was mirandized and he claimed all of the drugs, admitted that they were his. [The defendant's] bond, back at that time, I believe was $100,000. He posted that bond.

Based upon these acts, the defendant was then indicted by a Maury County grand jury for one count of possession of marijuana with intent to sell over 10 pounds and one count of possession of cocaine with intent to sell over 300 grams. Subsequently, after the defendant had posted bond in the instant case, he was arrested in Georgia on July, 2003, for methamphetamine trafficking. In May, 2004, he pled guilty in Georgia and received a sentence requiring twenty-five years service in the Georgia Department of Correction.

Thereafter, the case lay dormant in the Tennessee courts for multiple years. On December 9, 2008, the trial court entered an order retiring the defendant's Tennessee case because his whereabout were unknown to the court. Thereafter, the defendant contacted officials in order to reach a disposition of his case. On June 15, 2010, the defendant entered a best interest guilty plea to one count of possession of marijuana with the intent to sell or deliver and one count of attempted possession of cocaine with intent to sell over 300 grams. The agreement provided for concurrent sentences of two years and ten years for the respective convictions. However, the issue of whether his Tennessee sentence would run concurrently or consecutively to the Georgia sentence was left to the trial court's determination.

A sentencing hearing was held on August 13, 2010, before the trial court with regard to the issue of consecutive sentencing. The first witness called was Christi Dickey with the Tennessee Board of Probation and Parole. She indicated that she had prepared the pre-sentence report in the defendant's case and further indicated that he was fully cooperative in the preparation. Ms. Dickey indicated that she found no other record of prior criminal offenses in the defendant's case. However, she stated that she was aware that after the arrest in this case, the defendant had been arrested in Georgia and remained there serving a twenty-five year sentence. Ms. Dickey also read into evidence a statement made by the defendant in the preparation of the report:

> This is not right. I'm not the one who did these crimes. I'm not the person they are looking for. They were looking for a person named Antonio Shiva, he was using the name Carlos Santo. They made me take a plea because I have no money to pay the attorney. They said if I didn't admit to it, it would go to a jury. And that's why I took the 10 years.

Ms. Dickey also testified that she had became aware that the defendant made a $150,000 bond three days after his arrest. She also indicated that she had learned that the defendant was an illegal alien.

The defendant offered no proof other than making an allocution through an interpreter. He stated:

> He asks the court to please allow him to serve his sentence in a concurrent manner; because, first of all, he hadn't killed anybody. Seven years is a long time to serve in prison; that's what I've already done. I have a family. My son is here in Tennessee; I haven't seen him in four years. I have parents; I haven't seen them in 12 years.

After hearing the evidence and argument presented, the trial court found that the sentences should be served consecutively and entered judgments to so reflect. Thereafter, the defendant timely filed notice of appeal of that decision.

**Analysis**

The sole issue before this court on appeal is whether the trial court erred in ordering that the defendant's ten-year sentence in this case be served consecutively to the sentence he received in Georgia. On appeal, the party challenging the sentence imposed by the trial court has the burden of establishing that the sentence imposed is improper. T.C.A. § 40-35-401, Sentencing Comm'n Cmts; *see also State v. Arnett*, 49 S.W.3d 250, 257 (Tenn. 2001). When

a defendant challenges the length, range, or manner of service of a sentence, it is the duty of this court to conduct a *de novo* review on the record with the presumption that the determinations made by the court from which the appeal is taken are correct. T.C.A. § 40-35-401(d). This presumption of correctness, however, "'is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances.'" *State v. Carter*, 254 S.W.3d 335, 344-45 (Tenn. 2008) (quoting *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991)). "If, however, the trial court applies inappropriate mitigating and/or enhancement factors or otherwise fails to follow the Sentencing Act, the presumption of correctness fails," and our review is *de novo*. *Id*. at 345 (quoting *State v. Shelton*, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992); *State v. Pierce*, 138 S.W.3d 820, 827 (Tenn. 2004)).

In conducting a *de novo* review of a sentence, this court must consider: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the pre-sentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on the enhancement and mitigating factors in sections 40-35-113 and 40-35-114; (6) any statements the defendant wishes to make in the defendant's own behalf about sentencing; and (7) the potential for rehabilitation and treatment. T.C.A. § 40-35-210(b); *see also State v. Imfeld*, 70 S.W.3d 698, 704 (Tenn. 2002).

Both the defendant and the State agree that the issue of consecutive sentencing in this case is governed by Tenn. R. Crim. P. 32(c)(2)(B). That rule provides that:

> If, as the result of conviction in another state or in federal court, the defendant has any additional sentence or portion thereof to serve, the court shall impose a sentence that is consecutive to any such unserved sentence unless the court determines in the exercise of its discretion that good cause exists to run the sentences concurrently and explicitly so orders.

The defendant contends that the trial court erred in finding that "good cause" was not established by the proof presented. He relies upon the case of *State v. Blouvet*, 965 S.W.2d 489 (Tenn. Crim. App. 1997), to support his assertion. He likens the facts of his case to those in *Blouvet* in the three areas, those area which the court relied upon and used to conclud that good cause existed, those being: (1) that the crimes were committed within a short period of time as part of a continuous scheme; (2) that the defendant was a young man who had already served a substantial amount of time; and (3) that the defendant had a good chance to be returned to society as a rehabilitated and productive citizen. *See id.* He likens his facts to those in *Blouvet* by pointing out:

-4-

As to the first prong, crimes committed in a short duration, here the [defendant] committed his crimes in Tennessee during May of 2003 then traveled to Georgia where he was arrested approximately two months later. The crimes in Tennessee were drug offenses as were those in Georgia. As to the second prong, the defendant's age and substantial sentence[] already served, here the [defendant] was twenty-four (24) years of age when the crime occurred and thirty-one (31) at the time of sentencing in Tennessee, already serving a twenty-five (25) year sentence in another state with a maximum possible release date in Georgia of July 22, 2028. As to the final prong of successful rehabilitation, the [defendant] is of good mind and physical heath, with no known gang affiliations or current substance abuse. Furthermore, the [defendant] has been employed in the construction trade as a roofer; arguably an occupation he could successful[ly] resume upon release with a felony record. As such all factors recited in *Blouvet* reflect favorably to the [defendant's] argument here and as a result he should be granted relief.

The defendant also argues that "good cause" is further supported in his case based upon the cost to Tennessee to house him as prisoner for the additional time. He continues in that same vein, arguing that because he is being incarcerated in Georgia for a longer period of time than his entire sentence in Tennessee, he is being punished by a sentence not "justly deserved in relation to the seriousness of the offense" in violation of our sentencing principles. He contends that "concurrent sentencing would allow Tennessee to have adequate and just punishment while another state stood for the costs of the same."

In imposing consecutive sentencing in this case, the trial court made the following findings on the record:

The issue here, for this morning is whether or not that 10-year sentence should be served consecutive to a sentence the defendant received in the state of Georgia.

The proof in this case is, that [the defendant's] bond, when he was arrested, on May the 6th of 2003, was set at $150,000.

The proof further shows that about three [months] after posting this bond, the defendant was arrested in the state of Georgia, and was later convicted in the state of Georgia, and he is serving a 28-year sentence there. And under the Georgia law, will be required to serve 25 years of that 28-year sentence. For the record, his release date, in the state of Georgia, will be July 22, 2028.

The Court finds that the defense of good cause shown is not sufficient enough to override the requirements of Tennessee Rules of [Criminal] Procedure, Number 32, Subsection C, [Subsection 2, ] Subsection B, [and] Subsection 3, Subsection c, which tells the Court, that the Court has no discretion other than to find that it's good cause, which the Court does not find. And the Court further orders that this 10-year sentence, for the state of Tennessee, to be served consecutive with the sentence he now has in the state of Georgia.

The Court's taken into consideration the defendant's family situation. His age. I'm also taking into consideration the fact that we have a horrible drug problem in this country, and in particular, in this county. And, really, [the defendant] is the author of his fate. And some three [months] after posting $150,000 bond, he's arrested in Georgia and later convicted.

[The defendant] states he has no money, but yet he posted this $150,000 bond. I just don't think this is a case when the Court should make these sentences concurrent. And rather, I'm hoping this will be a deterrent to others in this community that would seek to engage in the trafficking of cocaine and other drugs in this county.

We find nothing in the record which indicates that the trial court abused its discretion in determining that good cause had not been established in this case. Initially, we note that there is no dispute that the defendant was in fact convicted of and was presently serving a sentence in the Georgia Department of Correction, which had multiple years remaining, at the time the Tennessee sentence was entered. Thus, the only determination to be made was whether good cause had been shown. We simply cannot conclude that the record establishes that.

The record indicates that the defendant was found in Tennessee in a mobile home with large quantities of drugs, weapons, and cash present. Despite the fact that other people were present at the time, the defendant claimed sole possession of the narcotics. He was arrested, made a $150,000 bond a mere three days later, then disappeared from the jurisdiction of the Tennessee courts. Thereafter, only a few months later, having obviously not been deterred in his pursuit of criminal enterprise, the defendant was arrested in Georgia for the serious felony charge of methamphetamine trafficking. The trial court noted that drug trafficking is both dangerous and criminal, as well being a serious problem in Maury County and in the country. The fact that the defendant was a young man at the time or that the offenses occurred in a relatively short time span do not entitle him to concurrent sentences. Again, we find no abuse of discretion in the trial court's determination.

**CONCLUSION**

Based upon the foregoing, the imposition of consecutive sentencing is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE